JEFFREY KRAUSE,

        Plaintiff,

  v.

KILOLO KIJAKAZI,

        Defendants.

Case No. 22-cv-148-pp

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS FEES UNDER 42 U.S.C. §406(b)(1) (DKT. NO. 41)**

On February 1, 2023, the court approved the parties' stipulation for remand for further proceedings under sentence four of 42 U.S.C. §405(g). Dkt. No. 35. Under the Equal Access to Justice Act, the parties stipulated to an award of attorney fees in the amount of $8,500, dkt. no. 37, which the court awarded on March 2, 2023, dkt. no. 38. After receiving a favorable decision from the Commissioner on October 30, 2023, the plaintiff filed a motion for attorney fees under 42 U.S.C. §406(b)(1). Dkt. No. 41. The plaintiff's attorney seeks an award in the amount of $18,374.35. Id. The defendant neither supports nor opposes counsel's request for attorney's fees. Dkt. No. 42.

**I.    Legal Standard**

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees under 42 U.S.C. §406. "'Section 406(a) governs fees for representation in administrative proceedings before the Social Security

1

Administration; §406(b) controls fees for representation in federal court.'" Kopulos v. Barnhart, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. Id. at 661. Such fees are deducted from the claimant's benefits and do not constitute an award against the government. Id.

The court must approve any fee under §406(b). Congress did not intend court review to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

**II. Analysis**

On February 4, 2022, the plaintiff signed a contract with his attorney agreeing to a 25% total fee for representation before the agency and the court. Dkt. No. 41-1. The agreement stated:

> [M]y attorney has the right under this contract to ask the court to award as much as 25% of my past-due benefits for representing me in court. If the court awards an attorney fee out of my past-due benefits and also awards an EAJA fee for that same work, my

> attorney must refund to me the smaller fee or credit the EAJA award
> in the amount of fees sought.

Id. at 2. The plaintiff's counsel says that he spent 29.05 attorney hours on the case. 41-3 at 2. He seeks a total award of $18,374.35. Dkt. No. 41 at 2. The plaintiff's counsel asks the court to subtract (or "net") the EAJA fees already awarded ($8,500) from the full 406(b) amount requested ($18,374.35) and, thus, award him $9,874.35 directly. Id.

Section 406(b) places two limitations on attorney fee awards: a cap of 25% and a reasonableness requirement. The award the plaintiff's counsel has requested satisfies the first of those limitations; it does not exceed the 25% cap.

The overall rate of counsels' work was $632.51 per hour. The court finds that this rate is reasonable for the benefit provided to the plaintiff; it previously has permitted payments in excess of $1,000 per hour. Mentecki v. Colvin, Case No. 14-cv-1110-pp, 2019 WL 3323874, *2 (E.D. Wis. July 24, 2019) (citing Peterson v. Colvin, Case No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015); Kolp v. Colvin, Case No. 12-cv-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015)). Counsel also obtained favorable results.

But the plaintiff's counsel has asked the court to consider a net payment reflecting an offset for the EAJA award of $8,500, in lieu of refunding that earlier award to the plaintiff. Where the plaintiff's attorney receives fees under the EAJA and §406(b), the attorney must refund to the plaintiff the smaller fee. Gisbrecht, 535 U.S. at 796. The Seventh Circuit Court of Appeals has stated that a "netting" arrangement of the type requested by the plaintiff's counsel is "'disfavore[d]' in light of the Savings Provision's language that anticipates an

3

attorney to claimant refund." O'Donnell v. Saul, 983 F.3d 950, 957 (7th Cir. 2020) (citing Martinez v. Berryhill, 699 F. App'x 775, 776 (10th Cir. 2017)). The court will grant the plaintiff's motion for attorney fees but will require counsel to refund the EAJA fee award to the plaintiff.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for attorney's fees under 42 U.S.C. §406(b)(1) and approves an award of $18,374.35. Dkt. No. 41.

The court **ORDERS** that upon receipt of the award, counsel must refund to the plaintiff the $8,500 fee previously awarded under the Equal Access to Justice Act.

Dated in Milwaukee, Wisconsin this 19th day of August, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**